IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.	4:06-CR-00088-01-JMM

RODNEY CRISWELL

**ORDER**

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 148), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction.

At his original sentencing, Defendant's base offense level was 28, with a criminal history category of III. This produced a guideline range of 110-137 months. Defendant received a 115 month sentence.[1] Amendment 706 of the U.S. Sentencing Guidelines reduced Defendant's base offense level to 26, making his new guideline range 92-115 months. On July 9, 2008, Defendant's sentenced was reduced to 96 months.[2]

Under U.S.S.G. Amendment 750, Defendant's base offense level remains a 26 and his guideline range is unchanged at 92-115 months.

Section 1B1.10(a)(2) of the Guidelines reads: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."[3] Since neither Defendant's base offense level nor guideline range changed as a result of Amendment 750, Defendant is not entitled to a sentence reduction under the new retroactive amendment.

Accordingly, Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 148) is DENIED.

IT IS SO ORDERED this __4__ day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Doc. Nos. 66, 68.

[2] Doc. No. 104.

[3] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2011).